Status check means you don't necessarily have to use all 20 minutes.  GONZALES No, what I want to know, Frank, is we had there were two proceedings here, as I understand it, a review of the original removal order and then a habeas petition, is that correct? MR. GONZALES That's correct, Your Honor. MS. And if we understand it correctly, he has, he is no longer in the custody of the United States?  GONZALES Yes, he was returned to Pakistan in October early. MS. So what do we have before us to decide? MR. GONZALES Well, I'm a little confused about that myself, Your Honor. Your Honor, when the briefing schedule was moved up to December, I had to scramble to put this together. And it seemed to me that this case does not, or this court does not have jurisdiction over this habeas petition because this is a challenge to custody. It is not a challenge to a removal order. And the Real ID Act limits the jurisdiction of a district court in a habeas petition to consider any attack on an underlying removal order, which this is not. MS. GOTTLIEB Well, I, okay. So you don't think that we have any jurisdiction, and you just assume dismissal is moved? MR. GONZALES I would not. MS. GOTTLIEB Well, I think this should be remanded to the, or transferred back, I guess is the proper term, to the district court because they do  MS. GOTTLIEB Well, that's what I didn't understand about the brief, so that's why I guess you're here. What is before the district court? MR. GONZALES Since the removal period, since detention is controlled by 8 U.S.C. 1231 because this is now a post-removal case, and since we are beyond the 90-day removal period, at least that's what I am arguing, that's what the considered for post-removal release from custody under criteria set forth in the Code of Federal Regulations. In other words, after the 90-day period has expired, mandatory detention no longer applies, even though the basis for the removal order is an aggravated felony. Aggravated felons can be considered for release from custody after the expiration of the 90-day period. MR. TUCKER But what's, so he's removed, but he's no longer in custody?  GONZALES Well, I haven't MR. TUCKER So what's the custody he's being released from? MR. GONZALES I haven't actually briefed that issue yet, Your Honor, and I'm searching for something here. What I think I would start with is that a person who is removed, an alien who is removed, who files a habeas petition after removal, there's no question, there's no jurisdiction there. There's no issue. But if the petition for the habeas petition is filed while he's in custody and then he's later removed, then I think that this Court has clearly stated that there is jurisdiction. KENNEDY  The district court? MR. GONZALES Well, the case was Zegara-Gomez, 314 F. 3rd, 1124, and the quote is, as long as the alien continues to suffer the collateral consequences of his removal, courts continue to have jurisdiction. MR. TUCKER Well, that may be true for the removal petition, but what's the collateral consequence of his having been detained pre-removal? That's what we were trying to figure out. We're familiar with the case, but you've got a removal case where you, which presumably isn't moot because of what you just cited, but the habeas case has to do with custody. So what collateral consequence is he? MR. GONZALES The only one is that he's now, you know, on the other side of the earth and a very, very, it's much more unlikely that he's going to be ever be able to come back and, and so what relief would the habeas court grant under the circuit, allow him to come back free of custody? MR. TUCKER I don't have an answer for that, Your Honor. MS. GOTTLIEB Okay. Thank you. MR.  GONZALES Good morning, Your Honor.  GOTTLIEB Yes. MR. GONZALES This is Sam Bentley for the government. Does the Court have any questions of me? MS. GOTTLIEB Well, do you disagree with where we wound up there? MR. GONZALES Well, I'm not sure what I would disagree with. MS. GOTTLIEB Can the district court do anything? Do we have jurisdiction of a habeas petition anymore? MR. GONZALES Your Honor, I believe, no. There is no jurisdiction for two reasons, and one of them is that the case should not have been sent up here in the first place, but second of all, there's no longer any case or controversy. So I think it would be futile for the Court to pick the first one and send it back because there's nothing for the district court to look at. MR. GOTTLIEB Is there any conceivable relief that the district court could grant under the collateral consequence doctrine insofar as the habeas petition is concerned? MR. GONZALES I can't imagine it, Your Honor. MR. GOTTLIEB And you don't disagree that the pending removal petition, which is on a separate track, is under the Zegara case and the collateral consequence. That's where the collateral consequence issue arises. Isn't that correct? MR. GOTTLIEB Correct, Your Honor. And, of course, that's a habeas case, Zegara, and we really don't have any more habeas. MR. GOTTLIEB Well, it doesn't have to be Zegara. MR. GOTTLIEB That's it. MR. GOTTLIEB But in other words, it's not moot on the removal side, removal petition, because there's case law in this circuit and elsewhere that there are collateral consequences that make the removal case still a case in controversy.  GOTTLIEB Well, I think the answer to that is that under the current law, that when the alien can be removed during the judicial review and it doesn't moot or terminate the judicial review, and if the alien wins, he or she comes back to the U.S. So I don't think it's a collateral consequence question. It's just... MS. GOTTLIEB I don't think it's a collateral consequence question. I think it's a question that's not really being asked very well yet. When you said it was a mistake to bring it up here, it shouldn't have been transferred to this Court under the REAL ID Act? MR. GOTTLIEB That's correct.  GOTTLIEB Why is that? MR. GOTTLIEB Only the part that dealt with a challenge to the removal order should have been sent up, and it was not. DR. MCKINLEY It's not a final order of removal.  GOTTLIEB There is a final order, but that's not what he was challenging in the habeas action. DR. MCKINLEY This is not a final order of removal. MR. GOTTLIEB Correct. MS. GOTTLIEB I'm going to go a little slow here. So it should have stayed in the district court? MR. GOTTLIEB Yes, Your Honor, and he was still in custody. But then once he was decided to withdraw, have the stay lifted in the removal proceedings and sent back, then it would have been mooted out in the district court. The... MS. GOTTLIEB So you're saying that the district court did have jurisdiction to decide whether or not he had been in custody too long? Or what? MR. GOTTLIEB I think so, Your Honor. I mean, that brings up a whole new question.  GOTTLIEB I know that. I just don't understand quite why you say it never should have left the district court, because I thought under the Real ID Act, if you're trying to challenge what is really the removal, the reason for your being in custody because of the removal order or whatever, then it should be in this court. MR. GOTTLIEB No. Well, in the habeas proceeding below, he was not challenging the removal order at all. He was challenging the removal order. MS. GOTTLIEB He was only challenging his custody, his mandate. GENERAL VERRILLI I think the basis of that was a bit of the aggravated felony. So it sounded to the district court as if it really was, as Judge Schroeder is suggesting.  GOTTLIEB I think so. I mean, that was the confusion. MS. GOTTLIEB I think that is the basis for the confusion. GENERAL VERRILLI Right. Right. And the removal order or, I'm sorry, the removal period question and the Zadvodos case, that all has to do with when the government is unable to return the alien. And in this case, the government was able.  All right.    GENERAL VERRILLI Thank you. MS. GOTTLIEB Thank you. GENERAL VERRILLI Thank you. MS. GOTTLIEB Thank you. GENERAL VERRILLI Thank you. MS. GOTTLIEB Do you guys have anything to say about computer media or anything? MS. GOTTLIEB No. No. We'll submit this for decision. And that completes the Court's calendar for this morning. The Court stands adjourned. GENERAL VERRILLI All rise.
judges: Schroeder, Goodwin, Fisher